Mr. Phillips? It's always good not to have an opponent. Yeah, right. Seventy years ago today, and just a little more than an hour from now, local time, we had a national emergency on the island of Oahu. This is a case about national emergencies. In this case, the national emergencies are wildland fires. And in this case, the question is the proper use of the federal procurement system to respond to those wildland fires. The object of this contract, that is, the terms of the solicitation for which are here disputed, is for buses to transport fire crews to and from wildland fires. Counselor, could you address jurisdictional issues? Do we have jurisdiction to be here in this case? This is an appeal from a final decision of the Court of Federal Claims. This is the appellate court for the Court of Federal Claims. With respect to whether... The mootness issue? Yes. All right. I'll deal with the mootness issue. After this case was filed, fairly significantly after, the contract which my clients received was terminated by the Forest Service. We have contested that termination. The termination is proceeding under a different statutory regime. The case here is a procurement protest. The termination is a contract dispute matter. There are two different bailiwicks, if you will, by which the Court held that the BPA is not a contract. They certainly did, and then the Forest Service turned around and terminated our not-contract, which creates, I believe, a conundrum for the Forest Service that the Court of Federal Claims has not yet had an opportunity to address. Did they terminate you from the contract or from participating in the BPA? They terminated us, and in bad faith, from the contract. What happened to your standing to proceed under the BPA? What happened to our standing? Well, I'll tell you what happened to our standing. My learned co-counsel says that the only thing you can get from the Court of Federal Claims is a money judgment. Therefore, the matter you're attempting to raise here in the Court is moved. Well, we forget about the difference between a contract disputes act and a protest. A protest is a matter in which the Forest Service here determines the record, submits the record to the Court, and then you argue from the record the Forest Service has submitted. A contract disputes matter is a matter where both parties participate in construction of the record and the judge as opposed to an APA review, which is what this case is about. In a contract disputes matter, the Court of Federal Claims judge has the same authority as the Forest Service contracting officer, and this Court has so held in the Bath Iron Works case that is cited in the response to the motion to dismiss. Todd Construction, a recent decision from this Court, explains the contract disputes jurisdiction of the Court of Federal Claims. And basically, under the contract disputes jurisdiction of the Court of Federal Claims, the judge of the Court of Federal Claims has the same authority as the federal contracting officer, and a federal contracting officer who terminates a contract has a right under the procurement rules to reinstate that contract. Why wasn't the judge in this case correct that this is just a framework for future contracts? Well, I would point out the obvious. If it was just a framework, what in the world did they terminate? Because they don't want to use the framework anymore. But they're using the other frameworks. They found that the school buses work. I'm not sure that's the case, but that seems to be from the facts that we have before us. This was a series of contracts where you propose a price for a specific dispatch center. And then when an emergency comes about, the Forest Service picks up the telephone and calls the crew carrier contractors and asks them if they can meet the magic phrase, is date and time needed? And they proceed from the lowest price first. Now, what the Court of Federal Claims was saying in regard to the not contract is that when the phone rings, you can pick it up and decide not to perform, not to respond. But the only way with this instrument, I'll try not to characterize it one way or the other, the only way with this instrument you get an opportunity to provide services for the direct benefit of the United States is if you have one of these instruments and you are the next lowest price on the dispatch list. Did you seek reinstatement to the BPA in the Claims Court? Yes. Yes. And what happened? The United States has an extension request and their response to the complaint is not due until sometime in January. In other words, that wasn't decided in the case on appeal here. Correct. And the larger issue here is if the United States is correct, if its termination makes this appeal moot, then the United States is basically saying anytime somebody takes an appeal from the Court of Federal Claims to this tribunal and we don't like the potential outcome of that appeal, we'll get rid of it, we'll terminate the bloody contract. That's just plain wrong. This case is not moot, this is a live controversy. And it's a live controversy notwithstanding the fact that the Forest Service and for Bandit... How can it be a live controversy if, as you just told us, the only way that any obligation arises is if they pick up the phone and call and yet they have now terminated any agreement under which they would ever pick up the phone and call. They have now said, we're not making any phone calls, period. Okay. This is a three-year contract. There are two years yet to run. We have asked the Court of Federal Claims to either give us damages, or reinstate... What would the damages be? They never called you, so you never had a contract on which you would be able to sue. In the one year in which this contract ran, and before the fire season started in the northern states out west, in Idaho, these people did $600,000 in revenues on dispatching buses. Buses which are operated by Native Americans. Thirty, to be exact. Did you get paid for that? Yes. Well then, you're not complaining about that? No. Well then, I'm still trying to figure out what you're complaining about. Well, what we're complaining about to the Court of Federal Claims... They're not going to call you again. They've terminated any agreement under which they would call you again. Correct. So what's your complaint? Our complaint is, based on the prices we have, if we hadn't been terminated, we would have been called. And this would have been the regular... They said they would not have called you. Pardon? They said they would not call you. They have terminated that. They don't want to call anybody anymore. I have a right... They have school buses. They don't want to use that. That's not what it said, but... Okay, I'm sorry. I'm jumping ahead. What they have said is they're not going to make any calls. I'm trying to figure out... The ability to receive that call is an opportunity to fulfill the services required by the United States. What are the damages in a lost opportunity? They've said they're not going to use this system. They are still using the system. These people are no longer part of that system. Your client's no longer part of the BPA. The system is still in existence. They still place orders for buses. Your client's not part of the BPA any longer. That's contested, but right now, no. You're seeking relief as if you were a BPA party. We're seeking relief based upon the fact that we have an instrument that gives us a right to seek that relief, and the relief we're seeking is either reinstatement or damages, both of which are available remedies under the Contract Disputes Act. Let's hear from Mr. Rodriguez-Feo and keep your bubble up. Good morning, Chief Judge. Judges, may it please the Court. I think the first thing I'd like to address with the Court is this question of Cruiser's case on appeal now being moot because they're no longer part of the Blanket Purchase Agreement. As a result, whatever this Court decides in the instant appeal isn't going to make a difference. This Court cannot afford relief in terms of saying that the lower court was incorrect in finding that the government's method of using the Blanket Purchase Agreement, which, by the way, they haven't even appealed the question of the BPA. The sole question that Cruiser's appealed before the Court is whether the lower court was incorrect in stating that the use of agency cooperators pursuant to the Reciprocal Fire Protection Act was valid under procurement law. That's what the lower court said. My friend on the other side, his appeal is that the Court was incorrect because rather than relying upon the Reciprocal Fire Protection Agreement Act, that instead the fire service was required to use a procurement vehicle under the Federal Grants and Cooperative Agreement Act under 6303. And you're saying whether or not that's correct or not, he can't raise it because he's out of the BPA. Correct. Whatever this Court decides wouldn't make a difference because they're no longer part of the BPA. He's seeking reinstatement of that now in the claims court, isn't he? He is seeking reinstatement of that, not at the time that we filed our response brief, so we apologize for any confusion. Subsequent to us filing our brief and stating that they were not seeking reinstatement, cruisers filed a second amended complaint seeking reinstatement. So at this point they are seeking reinstatement from the Court of Federal Claims. Our position is that it doesn't matter whether they're seeking. Does the trial court have to accept that amended complaint? I believe it was accepted. I don't think we objected to that. But the question is that it doesn't matter. What is our authority to rule on the reinstatement issue that's being brought up if the Court of Claims is going to entertain that issue? I don't think the Court of Appeals has the authority to act on that question at all or on that other case at all because it hasn't even been decided yet by the Court of Federal Claims, let alone has it been appealed to this Court. The question before this Court is a different one. But I'd like to, if I could, just to, one, cruisers haven't provided any authority, any authority under which the Court of Federal Claims would be able to reinstate them. We understand that there's authority that the Court of Federal Claims could provide non-monetary relief, but under no authority to reinstate them to the contract. But if they were reinstated, just for the sake of argument, what they would be reinstated to is the blanket purchase agreement which they accepted which includes the agency cooperator preference because that's been in effect. Once they lost their bid protest, they accepted the BPA, which the BPA itself is not a contract, but they accepted the BPA under which terms the preference for agency cooperators existed. And the agency cooperators are municipalities, tribal resources that can be used in emergencies. Can we affirm what the claims court did here or does he lack standing and therefore we must dismiss his appeal? Our position is that this court must dismiss the appeal as moot because it has become moot as a result of cruisers no longer being a blanket purchase agreement holder. And the reinstatement question hasn't yet been decided by the claims court. It has not. It has not, Your Honor. How do you respond to the argument that there's unfairness at play here because in the very process of appealing, they were undercut by the government by removing them from the BPA program? In terms of a question of bad faith or anything like that, our position is that the government hasn't shown any bad faith. And in fact, that question is not before the court. But again, whether fair or not, I guess the law is clear in the sense that you have to have a live controversy. There has to be an ability for this court to provide relief to this particular appellant and it can't. The trial judge has no authority to reinstate them. We're not aware of any authority that would allow a trial judge in the pending complaint to simply order reinstatement of cruisers to the BPA, especially when the BPA isn't even a contract. This isn't a question of cruisers got a call under the BPA and said, hey, can you respond to this site by X and X time? And while they were in the process of responding, that is under the contract, because that's the only time when you have the contract. Once they offer an acceptance and they are proceeding under the contract, if they were terminated abruptly in that situation, we agree it would be a different case. But here, they were just terminated from the BPA. They were terminated from the list and being called, as Chief Judge Rader put it. They're not going to be called anymore, the help and fires. There are a list of multiple other sources that they can call. And they decided that for certain reasons, and we don't need to get into them here, but performance type issues, they decided that they weren't going to use cruisers anymore. So cruisers are no longer a part of the BPA. Moreover, cruisers cannot espouse its cause on behalf of other members of the BPA. We discussed the issue of the case of the Tolo King, which was recently decided by this court. It was an unpublished decision, but it's cited to a number of preferences, where during the course of the appeal, the appellant died. That terminated the fact that there continued to be a contract. Here, circumstances have changed to the extent that cruisers disagree with the Forest Service's termination of them from the Blanket Purchase Agreement. They have a proper cause of action. This goes back to the fairness question Judge Rader brought up. They have the opportunity to take their cause in front of the trial court and obtain a judgment there. Ultimately, if they're not satisfied with that judgment, they can appeal it to the Court of Appeals. But right now, and this is measured from the state of play right now, they're not a part of the BPA, there's no relief that this court could offer, and this court, we feel, should dismiss it as moot. Thank you, Mr. Rodriguez-Fayo. Would the court like me to address any other merits? Thank you, gentlemen. We respectfully request that the Court dismiss the appeal as moot in the alternative. We respectfully request that the Court affirm the trial court's decision. Thank you. Thank you, Mr. Phillips. When a contract disputes matters before the Court of Federal Claims, the Court of Federal Claims rules on that matter de novo. The Court of Federal Claims, under the jurisprudence of this court, has the same authority as a contracting officer. But we rule on a decision that was rendered below based on an argument by a party who has proper standing and lost below. Well, that, in the case of the matter before the Court of Federal Claims now, the Court of Federal Claims obtains the authority of the contracting officer to rule on the matter that was before the contracting officer. This is not a lower court, appellate court type of activity. And that contracting officer, the Forest Service contracting officer, under the acquisition regulation 49-102, has the explicit authority to reinstate the contract. Now, whether or not this matter is successful, we don't yet know. What we do know is I don't see how this court can possibly decide that you're going to lose. And you have to decide that I lose in the Court of Federal Claims to say I don't have standing. I haven't lost yet. I'm back in the Court of Federal Claims. You say you haven't lost yet. You're almost saying the case we're reviewing isn't final. That doesn't help you. Well, this case here comes not from what the contracting officer decided. This case comes from the Court of Federal Claims' authority to review the solicitation for these blanket purchases agreements. And the issue here is whether or not one part of that blanket purchase agreement solicitation is unlawful. If we are successful here, and if we are reinstated, then there's two more years on this contract where the Forest Service, if we are successful here, will be precluded from giving a preference to local government entities for the use of buses. This is not a moot case. Thank you.